No. 10,034.

SECHRIST *v.* SIMM, ET AL.

Decided February 6, 1922.

Action on alleged contract for division of real estate broker's commission. Judgment of nonsuit.

*Affirmed.*

1.  TRIAL—*Nonsuit.* Where the evidence failed to support the case pleaded, a nonsuit was properly entered.

*Error to the District Court of the City and County of Denver, Hon. Clarence J. Morley, Judge.*

Mr. CHARLES F. MILLER, for plaintiff in error.

Mr. JACOB V. SCHAETZEL, Mr. WALTER E. SCHWED, for defendants in error.

*En banc.*

MR. JUSTICE TELLER delivered the opinion of the court.

PLAINTIFF in error was plaintiff in an action which is not easy to classify, and the court, at the close of plaintiff's testimony, entered a nonsuit. From the judgment entered in favor of defendants, plaintiff brings the cause here for review.

The complaint alleges that plaintiff and the defendants entered into an agreement to undertake jointly the sale of certain real estate, and to divide the profits arising from the sales made under such agreement; that a sale was effected to a purchaser secured by plaintiff, and that the defendants collected a commission of $240.00, which, it is alleged, they hold in trust in behalf of plaintiff; that they wrongfully and fraudulently withhold the same from him, to his damage in the sum of $200.00. The complaint alleges further that the acts complained of were accom-

panied with circumstances of fraud, malice and wilful deceit. Plaintiff prays judgment for $200.00 and for execution against the bodies of the defendants. The answer denied the agreement, and the case was tried to the court without a jury. The evidence wholly failed to support the allegations of an agreement to act jointly in the sale of real estate, but showed simply that the plaintiff asked the defendants whether or not there would be a small commission allowed him in case he furnished a buyer of real estate who bought through them and that he was told he would be entitled to some compensation. It showed further that the defendants offered the plaintiff $60.00 which he refused. There was no evidence of fraud, or wrong doing upon the part of the defendants. The case appears to be one in which the plaintiff's cause of action, if any, was on contract. Having failed to support, by evidence, the case pleaded, a nonsuit was properly entered.

The judgment is accordingly affirmed.

MR. CHIEF JUSTICE SCOTT not participating.